UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVOX PRODUCTIONS LLC,

                    Plaintiff,

        v.

EXPEDIA, INC., et al.,

                    Defendants.

CASE NO. C25-2602JLR

ORDER

## I.   INTRODUCTION

Before the court is Defendants Expedia, Inc. ("Expedia") and Hotwire, Inc.'s ("Hotwire," and together with Expedia, "Defendants") motion to dismiss Plaintiff EVOX Productions LLC's ("EVOX") complaint and/or for a more definite statement. (MTD (Dkt. # 11); Reply (Dkt. # 19).) EVOX opposes the motion. (Resp. (Dkt. # 18).) The

//

//

//

ORDER - 1

court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS Defendants' motion to dismiss.

**II.      BACKGROUND**

**A.      Factual Background**

EVOX is a licensor of high-quality digital images of vehicles ("Images'") headquartered in Chino, California.  (Compl. (Dkt. # 1) ¶¶ 5, 10.)  EVOX asserts that it "has been a pioneer in the industry of automobile photography for over 25 years[,]" during which "it has meticulously catalogued the highest quality still images, interactive images, and videos of several thousand vehicle makes and models." ( *Id*. ¶ 10.)  EVOX licenses its Images to entities in the automobile industry.  (*Id*. ¶ 11.)  Each of EVOX's Images can be individually licensed and each is protected by copyright registration.  (*Id*.) Accordingly, "EVOX owns and maintains the copyrights in more than one million Images pursuant to the United States Copyright Act."  (*Id*. ¶ 16.)

In 2022, EVOX discovered that Expedia and Hotwire[2] were using 204 of its copyrighted Images without license or authorization to promote Expedia on the Google search engine, to help Hotwire users navigate the Hotwire website, and to help users navigate the Expedia website.  (*Id*. ¶¶ 18-32.)  EVOX first notified Expedia that it was infringing EVOX's copyrights in September 2022.  (*Id* ¶ 34.)  In November 2022, at Expedia's request, EVOX provided the specific uniform resource locators ("URLs") for

---

[1] Defendants request oral argument (*see* MTD); EVOX does not (*see* Resp.).  The court concludes that oral argument would not assist it in resolving the motion to dismiss.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Hotwire is wholly owned and operated as a business unit of Expedia.  (*Id*. ¶ 7.)

ORDER - 2

its Images to Expedia to enable Expedia to identify where Expedia had stored the Images. (*Id.* ¶ 35.)  Despite EVOX's efforts, Expedia and Hotwire allegedly continued to infringe EVOX's copyrights until at least June 2024.  (*Id.* ¶ 36.)

**B.      Procedural Background**

On December 18, 2025, EVOX initiated this action bringing claims against Defendants and ten Doe defendants for direct copyright infringement pursuant to 17 U.S.C. § 501, *et seq.*, arising from Defendants' reproduction, distribution, and public display of its Images.  (*Id.* ¶¶ 39-48.[3])  EVOX seeks statutory or actual damages for infringement at its election, pre- and post-judgment interest, and reasonable attorneys' fees and costs.  (*Id.* at 7-8.)

On February 13, 2026, Defendants filed their motion to dismiss.  (*See* MTD.) EVOX filed a response and Defendants filed a reply.  (*See* Resp.; Reply.)  The motion is now fully briefed and ripe for decision.

### III.      ANALYSIS

Below, the court sets forth the legal standard for motions to dismiss for failure to state a claim and then considers Defendants' motion.

**A.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement

---

[3] EVOX makes no claim that Defendants indirectly infringed its copyrights.  (*See* Resp. at 8.)

ORDER - 3

of the claim showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).

**B.      Motion to Dismiss**

EVOX asserts that Defendants directly infringed 204 of its copyrighted Images in "three unique and independent ways:" (1) by making EVOX Images available for public display through Google searches which "drove web traffic to Expedia's for-profit website[;]" (2) through the direct use of a subset of 27 EVOX Images as icons to help users navigate the Hotwire website; and (3) through the direct use of a subset of 4 EVOX Images as icons to help users navigate the Expedia website. (Compl. ¶¶ 18-32; Resp. at 2-3.) EVOX contends that Defendants' willful use of its copyrighted Images "without license or authorization by reproducing them, distributing them, and/or publicly

//

ORDER - 4

displaying them" constitutes direct copyright infringement.  (Compl. ¶¶ 42-47; Resp. at 3.)

To establish a *prima facie* claim of direct copyright infringement, EVOX must (1) "show ownership of the allegedly infringed material[,]" (2) "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106[,]" and (3) "show causation (also referred to as 'volitional conduct') by [Defendants]."  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

Copyright registration establishes a *prima facie* case of ownership.  17 U.S.C. § 410(c).  The court takes judicial notice of EVOX's list of copyright registration numbers for the Images.  The parties do not dispute that EVOX holds the copyrights on the listed Images and therefore has the exclusive rights to reproduce, distribute, and display them.[4]  (*See generally* MTD; Resp.); 17 U.S.C. § 706.  Rather, the parties dispute whether EVOX plausibly alleged that Defendants engaged in volitional conduct.  (*See generally* MTD; Resp.)

Defendants argue that EVOX's claim for direct infringement fails as a matter of law because EVOX does not plausibly allege that Defendants engaged in volitional conduct.  (MTD at 6-9.)  Relying on *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732

---

[4] Defendants contend in their request for a more definite statement, however, that "EVOX's complaint fails to specifically identify even a single image."  (MTD at 9.)  Defendants acknowledge EVOX's list of copyright registrations (*see* Report on the Filing or Determination of an Action or Appeal Regarding a Copyright (Dkt. # 5)) but assert that "if those 208 registrations constitute the universe of images that EVOX alleges have been infringed, it remains impossible for [Defendants] to determine, for example, what 4 of those 208 images EVOX alleges were present on the Expedia website."  (*Id*. at 9-10.)

ORDER - 5

(9th Cir. 2019), they further argue that the instant facts are "analogous (if not identical)" to the facts the Ninth Circuit held insufficient to establish liability. (*Id*.) In response, EVOX contends that (1) the facts in *VHT* are distinguishable from the facts in this case, and (2) it has sufficiently alleged that Defendants engaged in volitional conduct by "hosting and serving" the Images through user searches on the Google results page as well as using EVOX's images "to build the functionality of their website." (Resp. at 4-8 (citing Compl. ¶¶ 23, 28, 31).) For the reasons set forth below, the court agrees with Defendants that EVOX has not plausibly alleged volitional conduct.

In *VHT*, the Ninth Circuit addressed infringement claims related to tens of thousands of real estate property photos displayed by Zillow on its website. *VHT, Inc.*, 918 F.3d at 732, 734. VHT, a professional real estate photography studio, took property photos for clients such as real estate brokerages and listing services, which it then retouched, edited, saved in its electronic photo database, and delivered to the clients per their license agreement. *Id*. at 730. Third-party licensees provided VHT's photos to Zillow, which then used VHT's photos in two ways: (1) on its "Listing Platform[,]" which is where the primary photos and information about real estate properties are displayed; and (2) on a section of the website called "Digs" which features "photos of artfully-designed rooms in some of those properties and is geared toward home improvement and remodeling." *Id*. VHT asserted that Zillow directly infringed its photos because VHT's license agreements only authorized use of the photos in relation to the sale of the property. *Id*. at 732.

//

ORDER - 6

Observing that direct copyright liability for website owners like Zillow arises when they are *actively involved* in the infringement" or engage in "conduct that can reasonably be described as the *direct cause* of the infringement[,]" the Ninth Circuit held that a plaintiff seeking to prove volitional conduct "must provide some evidence showing the alleged infringer [1] exercised control (other than by general operation of its website); [2] selected any material for upload, download, transmission, or storage; or [3] instigated any copying, storage, or distribution of its photos." *VHT, Inc*., 918 F.3d at 732 (citations omitted, cleaned up, emphasis in original).  Applying this rule, the Ninth Circuit held that Zillow did not engage in volitional conduct because the photos at issue were "submitted by third-party sources that attested to the permissible use of that data[.]" *Id*. at 733.  The Ninth Circuit explained that the photos: (1) were selected and uploaded by licensed feed providers themselves along with evergreen (no time restriction) or deciduous (temporally limited) designations and thus were not "selected" by Zillow; and (2) Zillow required feed providers to certify the extent of their rights and programmed its systems to treat each photo consistently with that scope and therefore did not "exercise control" beyond the "general operation of its website." *Id*. (cleaned up, citation omitted).

In its complaint, EVOX alleges:

> When users of Google conducted searches demonstrating an interest in services provided by EXPEDIA (*e.g*., car rentals), the Google results page would populate with EVOX Images hosted and served from EXPEDIA's image servers.
> . . . .
> HOTWIRE used these 27 EVOX Images as icons to help users navigate its website.  Users of the website would see these EVOX Images, and could click on them in order to move to other pages on the HOTWIRE website.
> . . . .

ORDER - 7

> EXPEDIA used these 4 EVOX Images as icons to help users navigate its website. Users of the website would see these EVOX Images, and could click on them in order to move to other pages on the EXPEDIA website.

(Compl. ¶¶ 23, 28, 31.) Even construing the allegations in the complaint in the light most favorable to EVOX, the court concludes that EVOX has not plausibly alleged that Defendants engaged in volitional conduct as required to state a claim for direct infringement. Specifically, EVOX fails to sufficiently allege that Defendants exercised control of the Images other than by the general operation of their websites; that they themselves selected any Images for upload, download, transmission, or storage; or that they instigated any copying, storage, or distribution of EVOX's Images. Furthermore, it is unclear from the Complaint which Images are at issue for each alleged use case; who uploaded the Images to Defendants' servers and selected which Images would be displayed; how the EVOX Images were "used" as "icons to help users navigate [Defendants'] website;" and whether there are any limitations and/or time restrictions that define how the Images are selected for display or can be displayed. (*See generally* Compl.) More detailed allegations are needed regarding Defendants' engagement in active conduct that is the "*direct cause* of the infringement" rather than mere passive participation. *See VHT, Inc.*, 918 F.3d at 736, 738. EVOX's current allegations are too vague to allow the court to draw the reasonable inference that Defendants are liable for direct copyright infringement. Accordingly, the court GRANTS Defendants' motion.

**C.     Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), district courts are to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). In determining

whether to grant leave to amend, district courts consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The court grants EVOX leave to amend its complaint to include specific allegations of volitional conduct and to identify which Images are at issue.[5]

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 11).  EVOX may file an amended complaint within 31 days from the date of this Order.

Dated this 28th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

---

[5] Because the court grants the Defendants' motion to dismiss and permits EVOX leave to amend its complaint, the court need not address the Defendants' motion for a more definite statement.

ORDER - 9