UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVOX PRODUCTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC., et al.,<br><br>Defendants. | CASE NO. C25-2602JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendants Expedia, Inc. ("Expedia") and Hotwire, Inc.'s ("Hotwire," and together with Expedia, "Defendants") motion to dismiss Plaintiff EVOX Productions LLC's ("EVOX") amended complaint and/or for a more definite statement. (2d MTD (Dkt. # 22); Reply (Dkt. # 27); *see* Am. Compl. (Dkt. # 21).) EVOX opposes the motion. (Resp. (Dkt. # 26).) The court has considered the parties' submissions, the

//

//

relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Defendants' motion to dismiss.

## II. BACKGROUND

### A. Factual Background

EVOX asserts that it "has been a pioneer in the industry of automobile photography for over 25 years[,]" during which "it has meticulously catalogued the highest quality still images, interactive images, and videos of several thousand vehicle makes and models." (Am. Compl. ¶ 10; *see also id.* ¶ 14 (alleging that EVOX has developed "a standardized set of high-quality digital images ('Images') for every vehicle commercially available").) It licenses its Images to entities in the automobile industry. (*Id.* ¶ 10.) Each of EVOX's Images can be individually licensed and each is protected by copyright registration. (*Id.* ¶ 11; *see also id.* ¶ 16 (alleging that "EVOX owns and maintains the copyrights in more than one million Images pursuant to the United States Copyright Act").)

EVOX "is informed and believes" that Expedia first acquired EVOX's Images from authorized EVOX licensees (the "Licensees"), such as car rental agencies, that had licensed the Images for use in online advertising and branding. (*Id.* ¶ 17.) Expedia then stored the Images it received from the Licensees on its image servers. (*Id.* ¶ 18.) EVOX acknowledges that Expedia's use of the Images in association with the Licensees'

---

[1] EVOX requests oral argument; Defendants do not. The court concludes that oral argument would not assist it in resolving the motion to dismiss. *See* Local Rules W.D. Wash. LCR 7(b)(4).

advertising was a permissible use. (*Id.* ¶ 19.) In 2022, however, EVOX discovered that Expedia and Hotwire[2] "had appropriated and affirmatively selected" many of the Images they had received from Licensees and were using them without authorization. (*Id.* ¶ 20.) EVOX asserts that Defendants' unlicensed use of the images fell into four categories: (1) Hotwire used 29 Images as icons to help users navigate the Hotwire website; (2) Expedia used four Images as icons to help users navigate the Expedia website; (3) Expedia used 164 Images to promote Expedia on other web properties, such as Google Image Search; and (4) Expedia used 11 Images in connection with rental car listings that were not associated with authorized EVOX licensees. (*Id.* ¶¶ 22-71; *see also id.*, Exs. A-D (listing the specific Images at issue in each category).)

EVOX notified Expedia that it was potentially infringing EVOX's copyrights in September 2022. (*Id.* ¶ 73.) In November 2022, at Expedia's request, EVOX provided the specific uniform resource locators ("URLs") for its Images to Expedia to enable it to identify where it had stored the Images. (*Id.* ¶ 74.) Despite EVOX's efforts, Expedia and Hotwire allegedly continued using the Images until at least June 2024. (*Id.* ¶ 75.)

**B. Procedural Background**

EVOX filed its original complaint in this action on December 18, 2025. (*See* Compl. at 1.) On April 28, 2026, the court granted Defendants' first motion to dismiss because EVOX had not plausibly alleged that Defendants engaged in volitional conduct as required to state a claim for direct copyright infringement. (4/28/26 Order (Dkt. # 20)

[2] Hotwire is a wholly owned and operated business unit of Expedia. (Am. Compl. ¶ 7.)

at 8.) The court, however, granted EVOX leave to amend "to include specific allegations of volitional conduct and to identify which Images are at issue" in this case. (*Id.* at 9.)

EVOX filed its amended complaint on May 29, 2026. (*See generally* Am. Compl.) EVOX again alleges that Defendants engaged in direct infringement of its Images in violation of 17 U.S.C. § 501 *et seq.* (*See id.* ¶¶ 78-93.) Defendants filed their motion to dismiss the amended complaint on June 19, 2026. (*See* 2d MTD.) The motion is now fully briefed and ripe for decision.

## III. ANALYSIS

Below, the court sets forth the applicable standard of review and then considers Defendants' motion.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the allegations in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept as true legal conclusions, "'formulaic recitation[s] of the elements of a cause of action[,]'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[,]" *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Motion to Dismiss**

Defendants assert that EVOX still does not state a claim for direct copyright infringement because it fails in its amended complaint to plausibly allege that Defendants engaged in volitional conduct. (*See* 2d MTD at 3-8; *see also* 4/28/26 Order at 8-9.) To state a claim for direct copyright infringement, EVOX must allege: (1) that it owns the allegedly infringed material, (2) that Defendants violated at least one of EVOX's exclusive rights under 17 U.S.C. § 106, and (3) causation, also referred to as "volitional conduct," by Defendants. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (citing *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)). Only the volitional conduct element is at issue here.

"[D]irect copyright liability for website owners arises when they are *actively involved* in the infringement." *VHT*, 918 F.3d at 732 (emphasis in original). This requires "actual infringing conduct with a nexus sufficiently close and causal to the illegal copying that one could conclude that the [website owner itself] trespassed on the exclusive domain of the copyright owner." *Id.* (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)). Activities such as "automatic copying, storage, and transmission of copyrighted materials, when instigated by others," do not meet that threshold. *Id.* (citing *Giganews*, 847 F.3d at 670). Instead, "to demonstrate volitional conduct, a [plaintiff] must provide some 'evidence showing the alleged infringer

exercised control (other than by general operation of its website); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution' of its photos." *Id.* at 732 (quoting *Giganews*, 847 F.3d at 666, 670) (alterations omitted).

In dismissing EVOX's original complaint, the court concluded that EVOX did not plausibly allege volitional conduct because it "fail[ed] to sufficiently allege that Defendants exercised control of the Images other than by the general operation of their websites; that they themselves selected any Images for upload, download, transmission, or storage; or that they instigated any copying, storage, or distribution of EVOX's Images." (4/28/26 Order at 8.) The court further observed that it was "unclear from the Complaint which Images are at issue for each alleged use case; who uploaded the Images to Defendants' servers and selected which Images would be displayed; how the EVOX Images were 'used' as 'icons to help users navigate [Defendants'] website;' and whether there are any limitations and/or time restrictions that define how the Images are selected for display or can be displayed." (*Id.*; *see also* Compl. ¶¶ 18-32 (describing three ways in which Defendants allegedly used EVOX's images).)

In its amended complaint, EVOX provides more detail regarding each alleged use of the Images. (*See* Am. Compl. ¶¶ 22-71 (describing four ways in which Defendants allegedly used EVOX's images).) For each use case, EVOX now addresses the concerns the court identified in its April 28, 2026 order. For example, EVOX alleges who selected the Images to display for each use case (*see* Am. Compl. ¶¶ 22, 32, 42-43, 63) and provides more detailed explanations of how Defendants used the Images, including

screenshots demonstrating that the Images were displayed on Defendants' and Google's websites separately from the Licensees' advertisements and branding (*see, e.g.*, *id.* ¶¶ 25, 29-30, 33-34, 39, 44-46, 50-51, 63-64). In addition, EVOX has provided lists of the Images at issue for each use case discussed in the complaint. (*See* Am. Compl. Exs. A-D (identifying the images for each use case); *see also* 4/28/26 Order at 8 (granting Defendants' first motion to dismiss in part because it was "unclear from the Complaint which Images are at issue for each alleged use case").) Accordingly, taking EVOX's allegations in the light most favorable to EVOX, as it must, the court concludes that EVOX has plausibly alleged that Defendants were "actively involved" in the infringement of EVOX's copyrights on its Images. *VHT*, 918 F.3d at 731.

Defendants assert that EVOX cannot show volitional conduct because the amended complaint "still does not identify who selected any image, when any selection occurred, how any image was selected, what process was used, whether selection was manual or automated, what employee or business unit acted, what copy or display was caused by that act, or how any alleged Expedia conduct directly caused infringement of any particular image." (Reply at 1-2 (emphasis omitted).) EVOX, however, need not allege facts regarding Defendants' conduct at that level of granularity to survive the motion to dismiss. *See* Fed. R. Civ. P. 8(a)(2) (requiring complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). The facts about Defendants' internal processes will be revealed through discovery and tested at summary judgment. Therefore, the court DENIES Defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to dismiss EVOX's amended complaint (Dkt. # 22).

Dated this 10th day of September, 2026.

JAMES L. ROBART
United States District Judge